# Exhibit B

STATE OF NORTH CAROLINA

MECKLENBURG COUNTY DISTRICT COURT

**BRANDACE HOPPER,**
Plaintiff,

v.

**Helvey & Associates, Inc.,**
Defendant.

FILED
CHARLOTTE, NC

DEC 27 2024

US DISTRICT COURT
WESTERN DISTRICT OF NC

**AMENDED VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND WAIVER OF DEBT**

**I. INTRODUCTION**

1. This is an action for damages, injunctive relief, and waiver of debt brought by Plaintiff, **Brandace Hopper**, against Defendant, **Helvey & Associates, Inc.**, for violations of the **Fair Debt Collection Practices Act** (15 U.S.C. § 1692 et seq.), **North Carolina's debt collection laws and business registration laws**, and for engaging in unlawful business practices.

**II. JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to **N.C. Gen. Stat. § 7A-243** and other applicable state laws.
3. Venue is proper in this county because Plaintiff resides in Mecklenburg County, and the acts and omissions complained of occurred within this county.

**III. PARTIES**

4. Plaintiff is a consumer, victim, and resident of Mecklenburg County, North Carolina.
5. Defendant, **Helvey & Associates, Inc.**, is a Indiana-based debt collection agency. **Helvey & Associates, Inc.** is registered with the **North Carolina Secretary of State as a foreign corporation in the business of consumer collection** but is **not actively registered** with the **National Association of Insurance Commissioners (NAIC)** to conduct debt collection activities in North Carolina, as required by law. See Exhibit A.

**IV. FACTUAL ALLEGATIONS**

6. Plaintiff received two debt collection notices from **Helvey & Associates, Inc.**, dated **March 26, 2024**, and **February 20, 2024** attempting to collect an alleged debt of **$1,229.51** on behalf of **Duke Energy Carolinas**.

7. The notice failed to provide adequate information about Plaintiff's rights under the **Fair Debt Collection Practices Act (FDCPA)**, including Plaintiff's right to dispute the debt within **30 days** and request validation of the debt. The notice did not meet the statutory requirements for validation notices as mandated by **15 U.S.C. § 1692g**.

8. Defendant's notice applied **deceptive and misleading practices** by pressuring Plaintiff to pay the debt without providing complete information regarding Plaintiff's right to dispute and validate the debt.

9. The notice contained a warning that the debt would be reported to national credit bureaus if not paid in full, without explaining that Plaintiff had the right to dispute the debt before such action could be taken. This statement constitutes a violation of **15 U.S.C. § 1692e**, as it misrepresented Plaintiff's rights and the potential consequences of non-payment.

10. Defendant, **Helvey & Associates, Inc.**, failed to maintain registration as a debt collection agency with the **North Carolina Department of Insurance (NCDOI)**, as required under **N.C. Gen. Stat. § 58-70-15** for debt collectors operating in North Carolina. This failure to register renders Defendant's debt collection activities in North Carolina unlawful and further compounds Defendant's violations of state law.

11. As a result of Defendant's unlawful collection practices and unauthorized communications, Plaintiff has suffered emotional distress, including stress, anxiety, hopelessness, and insomnia.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### Failure to Provide Proper Validation of Debt (15 U.S.C. § 1692g)

12. Plaintiff realleges and incorporates by reference all paragraphs previously stated as though fully set forth herein.

13. Under **15 U.S.C. § 1692g**, debt collectors are required to provide a written notice to the consumer within five days of the initial communication, clearly informing them of their right to dispute the debt within 30 days and request validation.

14. Defendant failed to provide Plaintiff with a proper **validation notice** within the required timeframe. The notice provided to Plaintiff did not adequately explain Plaintiff's right to dispute the debt and the process for requesting validation.

15. As a result of Defendant's actions, Plaintiff has suffered damages and is entitled to statutory and actual damages under the **FDCPA**.

### COUNT II: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### Deceptive Practices in Debt Collection (15 U.S.C. § 1692e)

16. Plaintiff realleges and incorporates by reference all paragraphs previously stated as though fully set forth herein.

17. Under **15 U.S.C. § 1692e**, debt collectors are prohibited from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

18. Defendant's notice included a warning that the debt would be reported to credit bureaus if not paid in full, without informing Plaintiff of the right to dispute the debt and prevent such reporting. This misrepresentation of Plaintiff's rights constitutes a violation of **15 U.S.C. § 1692e**.

19. Defendant's actions were deceptive and misleading, and as a result, Plaintiff is entitled to statutory and actual damages under the **FDCPA**.

## COUNT III: VIOLATION OF NORTH CAROLINA DEBT COLLECTION ACT
### (N.C. Gen. Stat. Chapter 75)
### Failure to Provide Consumer Rights Information (N.C. Gen. Stat. § 75-56)

20. Plaintiff realleges and incorporates by reference all paragraphs previously stated as though fully set forth herein.

21. Under **N.C. Gen. Stat. § 75-56**, debt collectors are required to provide consumers with clear information about their rights, including the right to dispute the debt and request validation.

22. Defendant failed to provide adequate information regarding Plaintiff's right to dispute the debt, in violation of **N.C. Gen. Stat. § 75-56**.

23. As a result of Defendant's failure to comply with North Carolina's consumer protection laws, Plaintiff is entitled to statutory damages, actual damages, and treble damages under **N.C. Gen. Stat. § 75-16**.

## COUNT IV: VIOLATION OF NORTH CAROLINA DEBT COLLECTION ACT
### (N.C. Gen. Stat. Chapter 75 & 58)
### Deceptive Representation of the Debt (N.C. Gen. Stat. § 75-54)

24. Plaintiff realleges and incorporates by reference all paragraphs previously stated as though fully set forth herein.

25. Under **N.C. Gen. Stat. § 75-54**, debt collectors are prohibited from using deceptive representations in attempts to collect debts.

26. Defendant misrepresented the consequences of non-payment by stating that the debt would be reported to credit bureaus without clarifying that Plaintiff had the right to dispute the debt before such action. This deceptive practice violates **N.C. Gen. Stat. § 75-54**.

27. Defendant's actions were willful and intentional, and as a result, Plaintiff is entitled to statutory damages, actual damages, and treble damages under **N.C. Gen. Stat. § 75-16**.

28. Defendant's failure to register with the North Carolina Department of Insurance (NCDOI), as required under **N.C. Gen. Stat. § 58-70-15**, further constitutes a violation of North Carolina's debt collection laws.

## VI. SPECIFIC VIOLATION WITH NOTICES (EXHIBIT B)

29. Plaintiff realleges and incorporates by reference all paragraphs previously stated as though fully set forth herein.

30. **Notice 1: Dated February 20, 2024**
    a. **Federal Violations**:
        i. **15 U.S.C. § 1692g**: Inadequate validation notice.
        ii. **15 U.S.C. § 1692e**: Misleading or deceptive representations of charges and the debt owed.
    b. **North Carolina Violations**:
        i. **N.C. Gen. Stat. § 75-54**: Deceptive practices regarding the consequences of non-payment.
        ii. **N.C. Gen. Stat. § 75-56**: Failure to adequately provide consumer rights information.
        iii. **N.C. Gen. Stat. § 58-70-15**: Failure to maintain active registration as a collection agency with the North Carolina Department of Insurance, rendering Defendant's collection activities unlawful.

31. **Notice 2: Dated March 26, 2024**
    a. **Federal Violations**:
        i. **15 U.S.C. § 1692g**: Inadequate validation notice.
        ii. **15 U.S.C. § 1692e**: Misleading or deceptive representations of charges and the debt owed.
    b. **North Carolina Violations**:
        i. **N.C. Gen. Stat. § 75-54**: Deceptive practices regarding the consequences of non-payment.
        ii. **N.C. Gen. Stat. § 75-56**: Failure to adequately provide consumer rights information.
        iii. **N.C. Gen. Stat. § 58-70-15**: Failure to maintain active registration as a collection agency with the North Carolina Department of Insurance, rendering Defendant's collection activities unlawful.

## VII. CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1. Award Plaintiff statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the maximum amount of $1,000 for the violation of the Fair Debt Collection Practices Act (FDCPA);

2. Award Plaintiff the maximum statutory damages under North Carolina's debt collection laws (N.C. Gen. Stat. § 58-70-15), for the combined violations from the two separate debt collection notices, calculated as follows:
    a. One violation per notice under North Carolina law, for a total of 2 violation across the two notices:
    b. Failure to register as a collection agency with the North Carolina Department of Insurance (N.C. Gen. Stat. § 58-70-15);

3. Award Plaintiff the maximum statutory damages under North Carolina's debt collection laws (N.C. Gen. Stat. §§ 75-56 and 75-54), for the combined violations from the two seperate debt collection notices, calculated as follows:
   a. Two violations per notice under North Carolina law ( failure to provide required consumer rights information, and deceptive settlement practices/Deceptive practices regarding the consequences of non-payment), for a total of 4 violations across the two notices;
4. Award Maximum statutory damages of $4,000 per violation, resulting in total statutory damages of up to $24,000 under North Carolina law for the 6 violations;
5. Award $10,000 in actual damage compensation for emotional distress caused by the Defendant's unlawful collection practices and unauthorized debt communications.
6. Issue **injunctive relief** prohibiting **Helvey & Associates, Inc.** from further debt collection activities in North Carolina until it complies with all applicable laws, including registration with the NAIC.
7. Declare the alleged debt **void and unenforceable**, as **Helvey & Associates, Inc.**'s actions constitute illegal and unenforceable debt collection practices.
8. Award Plaintiff costs pursuant to 15 U.S.C. § 1692k(a)(3) and North Carolina laws;
9. Waive the alleged debt in full and correct the consumer reporting, as Defendant's actions constitute illegal and unenforceable debt collection activity; and
10. Grant such other and further relief as this Court deems just and proper.

--------------

## Exhibits

- **Exhibit A**: North Carolina Secretary of State and NAIC records (attached).
- **Exhibit B**: Non-compliant **Helvey & Associates, Inc.** Debt Collection Notice 2 document, 2 pages)

Respectfully submitted,

/s/ Brandace Jarreau Rosevelt Hopper

℅ 6305 Wyndham Hill Dr.

Charlotte, Nation North Carolina [28269-9998]

704-606-0848

bjrhopper@gmail.com

Petitioner

## VIII. VERIFICATION

STATE OF NORTH CAROLINA)

        ss.               )

MECKLENBURG COUNTY   )

I, Brandace Jarreau Rosevelt Hopper, the undersigned, being first duly sworn, depose and state that he is the Plaintiff named herein, and swear that the foregoing Verified Complaint, based upon personal knowledge. The matters and statements contained are to the best of my knowledge is a just and true statement of the amount owing by Plaintiff to Defendant, exclusive of all set-offs, except as to those matters or statements made upon information and belief, as to those, he believes them to be true to the best of his knowledge.

By affixing this verification, oath, or affidavit to the pleading submitted to the court and attaching my signature hereon to the foregoing verification, I do hereby swear or affirm that the statements set forth in the above pleading are true and correct.

Brandace-Jarreau-Rosevelt: Hopper

% 6305 Wyndham Hill Dr.

Charlotte, NC 28269

Tel: 704-606-0848

Fax: 704-595-7435

PLAINTIFF (Propia persona)

Sworn to and subscribed before me this the 13th day of December, 2024.

Notary Public

My Commission expires: 10-21-2025



## Certificate of Service

I hereby certify that on the 13TH day of December 2024, a true and correct copy of the foregoing AMENDED VERIFIED COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND WAIVER OF DEBT AND EXHIBITS was served upon all parties of record by U.S. Mail, postage prepaid, addressed to:

**Helvey & Associates, Inc.**
℅ CT Corporation System
160 Mine Lake Ct Ste 200
Raleigh, NC 27615

/s/ Brandace Jarreau Rosevelt Hopper